Sylvester JONES, Plaintiff,

v.

The MEMBERS OF the BOARD OF POLICE COMMISSIONERS et al., Defendants.

No. 77–96C(1).

United States District Court, E. D. Missouri, E. D.

July 28, 1977.

Sylvester Jones, pro se.

James R. Hartung, Asst. City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

Plaintiff commenced this action against four members of the Board of Police Commissioners and the City of St. Louis, Missouri for alleged violation of his civil rights under 42 U.S.C. §§ 1981–1985 and 28 U.S.C. § 1331. The defendants have moved for summary judgment and filed supporting affidavits.

Plaintiff alleges that in February, 1974 agents of the defendants entered plaintiff's premises at 4271 Olive Street, St. Louis, Missouri and seized without process or cause, under color of state law, certain items of plaintiff's personal property, valued at over $10,000.00; that this property was sold at a public auction without notice or hearing; that at a state court hearing it was determined that this property was not stolen when possessed by plaintiff and that there was no probable cause for the seizure. Plaintiff seeks recovery of substantial monetary damages.

By their affidavits the four members of the Board of Police Commissioners show that they had no knowledge of the incidents alleged by plaintiff, at the time they occurred, and that they were not personally involved in these incidents. Plaintiff has failed to controvert these affidavits.

In order to impose liability upon a defendant in a supervisory governmental position for the violation of one's civil rights, it must be established that the defendant committed the violation, directed it to be done, or with knowledge acquiesced in its commission. *E. g., Jennings v. Davis*, 476 F.2d 1271, 1274–1275 (8th Cir. 1973). From the pleadings, the motion for summary judgment and its affidavits, and plaintiff's response to the motion, it clearly appeals that plaintiff cannot sustain his burden of proof against the members of the Board of Police Commissioners.

Furthermore, the City of St. Louis is not an entity or person liable to suit under 42 U.S.C. § 1983. *Moor v. Alameda County*, 411 U.S. 693, 710, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

For these reasons the motion of the defendants for summary judgment will be granted.